IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN STROM, | No. C 08-04708 SI |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| CITY OF CRESCENT CITY, et al., | |
| Defendants. | |

Defendants County of Del Norte and A'lissa Scott have filed a motion for summary judgment which is currently set for hearing on June 4, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted and for good cause shown, the Court GRANTS in part and DENIES in part defendants' motion.

## BACKGROUND

Plaintiff Brian Strom brings this action under 42 U.S.C. § 1983 against the County of Del Norte ("the County") and Sergeant Scott.[1] Plaintiffs' claims arise from an altercation between plaintiff and various law enforcement officers on the night of July 21, 2007. On that night, plaintiff was driving his car with his girlfriend and five children as passengers. First Amended Complaint ("FAC") ¶ 14; Capon Report, Mitchell Decl. Ex. A, at 14. Crescent City Police Officer Eric Capon noticed that the vehicle's

---

[1] Plaintiff's complaint also named the City of Crescent City, Officer Dominic Mello, and Officer Eric Capon as defendants. Plaintiff subsequently stipulated to the dismissal of these defendants as a result of a settlement. The County and Sgt. Scott are the only remaining defendants.

1 muffler was extremely loud and attempted to pull plaintiff over for violating California Vehicle Code
2 § 27150(a).[2] Capon Report at 12. According to Officer Capon's report of the incident, plaintiff failed
3 to pull over after the officer activated his emergency lights, and a chase ensued. *Id.* Eventually, plaintiff
4 lost control of the vehicle and it skidded to a stop. *Id.* at 13.

5 Plaintiff got out of the car and began to run away. *Id.*; FAC ¶ 16. He was pursued on foot by
6 Officer Capon. After several chases and struggles, Crescent City Police Officer Mello arrived on the
7 scene and took up the chase with the help of a police dog. Capon Report at 13; Mello Report, Mitchell
8 Decl. Ex. F, at 18. Strom knocked Officer Mello down and lay on top of him. Mello Report at 18-19.
9 Officer Capon deployed his Taser against plaintiff and eventually succeeded in controlling plaintiff and
10 pinning him to the ground. Capon Report at 13; Mello Report at 19.

11 Officer Capon called for emergency backup from the Sheriff's Department, and Sgt. Scott and
12 several other deputies arrived on the scene shortly thereafter. Scott Report, Mitchell Decl. Ex. H, at 1.
13 According to Officer Capon and Sgt. Scott, plaintiff continued to resist arrest, and both officers
14 deployed their Tasers. Capon Report at 13-14; Scott Report at 1. In her report of the incident, Sgt. Scott
15 stated that she used her Taser a total of three times before the officers succeeded in handcuffing plaintiff.
16 Scott Report at 1. She stated that she warned plaintiff before each deployment of the Taser that she
17 would shock him if he did not stop resisting arrest. *Id.* According to plaintiff, however, Sgt. Scott used
18 her Taser on him five to ten times even after he was cuffed and did not warn him before each use. Strom
19 Depo., Galipo Decl. Ex. A, at 97:18-98:8, 112:1-7, 113:21-23. Eventually, the officers succeeded in
20 handcuffing plaintiff and arrested him for resisting arrest, evading a peace officer, assaulting a peace
21 officer, and on an outstanding arrest warrant issued by the Del Norte County Superior Court.[3]

22 Plaintiff filed this action on October 10, 2008 and filed an FAC on December 31, 2008. In the
23 FAC, plaintiff alleges claims against Sgt. Scott and the County for violation of his Fourth Amendment
24 rights, for assault and battery, and for negligence. Plaintiff alleges that Sgt. Scott's repeated use of the

---

26,27 [2] California Vehicle Code § 27150(a) provides: "Every motor vehicle subject to registration shall at all times be equipped with an adequate muffler in constant operation and properly maintained to prevent any excessive or unusual noise."

28 [3] The evidence in the record does not indicate the basis for this prior warrant.

2

Taser caused him to suffer physical, mental and emotional injuries, including "heart problems, muscle spasms, anxiety, depression, sleeplessness, and lost concentration." FAC ¶ 22. He seeks damages for medical costs and pain and suffering, punitive damages against Sgt. Scott, and attorneys' fees and costs of suit. Presently before the Court is defendants' motion for summary judgment.

## LEGAL STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate that there is an absence of evidence to support the non-moving party's case. *See id.* at 325.

The burden then shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**DISCUSSION**

Although defendants initially sought summary judgment on behalf of both Sgt. Scott and the County, defendants conceded in their reply brief that plaintiff has raised material issues of fact with respect to his claims against Sgt. Scott. This includes plaintiff's First Cause of Action for Fourth Amendment violations as well as his Third and Fourth Causes of Action for assault and battery and negligence, for which Sgt. Scott is sued on an individual basis and the County is sued under a theory of respondeat superior liability. Accordingly, the motion for summary judgment is DENIED as to those causes of action, and the remainder of this order will focus on whether the County is entitled to summary judgment on plaintiff's Second Cause of Action, brought against the County pursuant to *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978).

**I.   Plaintiff's *Monell* Claim**

A plaintiff who seeks to state a Section 1983 claim against a county may not sue on the basis of *respondeat superior* liability, but must sue under *Monell* by alleging that he or she has suffered a constitutional violation as a result of a county policy, custom, or practice. *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) ("[M]unicipalities may be held liable as 'persons' under § 1983 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'") (quoting *Monell*, 436 U.S. at 694). To succeed in proving his claim against the County, plaintiff must show that, in using her Taser, Sgt. Scott was acting in accordance with a County policy or custom authorizing or condoning the use of excessive force. *Shah v. County of Los Angeles*, 797 F.2d 743, 746 (9th Cir. 1986).

The County has submitted a copy of its Taser Guidelines, which require an officer who intends to use a Taser to "(a) provide the individual with a reasonable opportunity to voluntarily comply [and] (b) provide other deputies and individuals with warning that a Taser may be deployed." Taser Guidelines, Ex. D to D'Arcy Decl., at Bates Nos. 396. The Guidelines state that deputies "may use the Taser when circumstances known to the individual deputy at the time indicate that the application of the Taser is reasonable to subdue . . . [a] violent or physically resisting subject," but caution that the Taser "shall not be used to torture, psychologically torment or inflict undue pain on any individual."

4

1 *Id.* at 397. Finally, the Guidelines instruct deputies to "give additional consideration" to the
2 appropriateness of deploying a Taser against an individual who is handcuffed or otherwise restrained.
3 *Id.*

4 Plaintiff does not allege that the County's policy was itself constitutionally deficient, but rather
5 alleges that Sgt. Scott acted pursuant to an unwritten practice or custom permitting the deployment of
6 a Taser in contravention of the written policy. *See* FAC ¶ 31 (alleging that the County has "adopted a
7 practice of the use of excessive force" by "routinely permitting and ratifying the use of excessive
8 force").
9 Because plaintiff sues based on custom or practice, his claim "may not be predicated on isolated or
10 sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency
11 that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911,
12 918 (9th Cir. 1996).

13 Plaintiff has not presented any evidence showing the development of such a custom or practice.
14 Plaintiff does not even address his *Monell* claim in his opposition brief. Even assuming that Sgt. Scott
15 used excessive force in violation of the Taser Guidelines on the night in question, there is no evidence
16 that the County routinely permits or ratifies the use of such force, as plaintiff claims. Absent such
17 evidence, there is no material dispute in the record regarding whether any use of excessive force by Sgt.
18 Scott was carried out pursuant to County policy or custom. Accordingly, the Court finds it appropriate
19 to grant summary judgment in the County's favor as to plaintiff's Second Cause of Action.

20

21 **II.    Plaintiff's Request for Sanctions**

22 In his opposition to defendants' summary judgment motion, plaintiff requests sanctions against
23 defendants based on their alleged spoliation of evidence consisting of electronic usage data downloaded
24 from Sgt. Scott's Taser. This data would show the number of times Sgt. Scott used her Taser on the
25 night in question, as well as the duration of each use. Sgt. Scott stated at her deposition that, after she
26 used her Taser against plaintiff, she contacted the patrol sergeant responsible for downloading Taser
27 usage data and requested a printout. Scott Depo., Galipo Decl. Ex. B, at 14:22-15:7. After she received
28 the printout, she used it to write her report of the incident, including then number of times she used her

Taser and the duration of each use. *Id.* at 15:11-22. Because Sgt. Scott prepared her incident report on the computer, she did not attach the hard copy of the data to the report. *Id.* at 16:7-8. Instead, she placed the data printout in a case file folder for filing by the records department. *Id.* at 16:11-14. The data was apparently lost at some point after that. *Id.* at 16:19-25.[4]

Plaintiff requests sanctions in the form of a default judgment of liability, or in the alternative, an adverse inference instruction at trial. As an initial matter, plaintiff's request for sanctions is procedurally defective. Civil Local Rule 7-8(a) states that any request for sanctions must be filed as a separately noticed motion. Failure to comply with this rule provides a sufficient basis for summary denial. *See, e.g.*, *Cecena v. Allstate Ins. Co.*, No. 05-3178, 2007 WL 4259460, at *3 (N.D. Cal. Dec. 3, 2007); *Aranda v. Nth Telecom, Inc.*, No. 06-4738, 2007 WL 2343902, at *2 (N.D. Cal. Aug. 15, 2007); *Daub v. Eagle Test Sys., Inc.*, No. 05-1055, 2006 WL 3544257, at *2 (N.D. Cal. Dec. 5, 2006).

Even assuming plaintiff's request had been properly filed, the request fails on the merits. To levy sanctions due to spoliation of evidence, the Court must find that the offending party destroyed evidence with notice that the evidence was potentially relevant to pending litigation. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). Plaintiff requests either an adverse inference instruction or a default judgment of liability.

To impose an adverse inference instruction, the Court must find: (1) that the spoliating party had an obligation to preserve the evidence; (2) that the evidence was spoliated with "a culpable state of mind"; and (3) that the evidence was relevant to the moving party's claim. *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006) (citation omitted). There is no dispute that data reflecting the manner in which Sgt. Scott deployed her Taser would be relevant to plaintiff's claims. However, plaintiff provides no evidence of the timing of the data loss in order to show that the data was destroyed after defendants had notice of this litigation, nor does he provide any evidence that Sgt. Scott or the County destroyed the data with a "culpable state of mind." In particular, plaintiff provides no evidence to contradict Sgt. Scott's account of her actions with respect to the Taser data, nor to show that

---

[4] Defense counsel represented during Sgt. Scott's deposition that counsel and the Sheriff's Department are currently looking for the data and will produce it to plaintiff if it is found. *Id.*

6

other Sheriff's Department staff lost or destroyed the evidence with a "culpable state of mind" and with notice of the litigation. Absent any evidence showing that the loss was the result of something other than an accident or innocent mistake, an adverse inference instruction is unwarranted. *See Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 824 (9th Cir. 2002) ("When relevant evidence is lost accidentally or for an innocent reason, an adverse evidentiary inference from the loss may be rejected.").

In order to impose the more drastic sanction of dismissal or default judgment against the spoliating party, the Court must find that the spoliation was due to "willfulness, fault, or bad faith." *Leon*, 464 F.3d at 958. Having failed to show that the loss of data was the result of a "culpable state of mind," plaintiff necessarily fails to show that the loss was willful or due to bad faith. Accordingly, plaintiff's request for sanctions is DENIED in its entirety.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion for summary judgment as to plaintiff's Second Cause of Action and DENIES the motion with respect to the First, Third, and Fourth Causes of Action. (Docket No. 64).

**IT IS SO ORDERED.**

Dated: June 1, 2010

SUSAN ILLSTON
United States District Judge